## BREWER'S ESTATE *et al. v.* CROW *et al.*

Where a mortgage is annexed to the petition, and it is not denied by the answer, it is not necessary to prove its execution.

Where a written agreement is set out in the pleadings and recognized, it is not necessary to prove it.

Where a mortgage is recorded without the certificate of acknowledgement, the record of mortgages should be admitted in evidence in behalf of a person not a party to the mortgage, to show that he did not receive record notice of it as a valid mortgagor.

A mortgage may be received in evidence against a third party, without proof of its being duly executed, acknowledged and recorded, if such party had actual notice of it, and consented that it might be executed upon the property in which such party was interested.

V. sold property to B and took a deed of trust. B. gave a mortgage to R. and about a year after V. signed a contract to R., agreeing that R. might furnish certain mill improvements upon the property, and have a lien therefor, but the contract did not in any way refer to the mortgage; held, that such contract did not show actual notice, or a sanction of the mortgage.

*Appeal from Des Moines District Court.*

*Opinion by* GREENE, J.  The petition was filed in this case by Crow, McCreery & Co., to foreclose a mortgage

against Peter Brewer, Henry M. Vance and T. L. Parsons. The mortgage was executed by Peter Brewer and wife, to B. F. Roe, who assigned to the plaintiffs. Brewer's answer denied the indebtedness, and set up a want of consideration. Vance answered that he agreed to let Roe have a lien upon the premises in consideration of certain materials which he was to furnish for a mill, and that the materials had not been furnished. Replication denied the averments of both answers. At the next term of court Peter Brewer's death was suggested, and David Deardoff, as his administrator, was made a party. A suplemental answer was then filed by Vance, denying the averments of the replication, and alleging that Brewer was still owing him purchase money to the amount of $800 on the property, for which the mortgage had been given, and that for the payment of said sum the property had been sold under a deed of trust, executed by said Brewer and wife; that by virtue of said deed of trust he, Vance, acquired title to the property; that he never made any contract, express or implied, by which said mortgage was recognized by him; that the agreement signed by him was for advances by said Roe made subsequent to the agreement, and that it was not intended in any way to authorize the mortgage given by Brewer to Roe.

The cause was submitted to a jury, who returned a verdict in favor of the plaintiffs for $435 81 against the estate of Brewer, and found that certain lots described in the petition be held as lien against H. M. Vance, for the payment of $385. Upon this verdict a judgment was rendered against the estate of Brewer, and a decree foreclosing the equity of redemption to the property.

1. The first objection urged to the proceedings below is that the mortgage was received in evidence without proof of its execution. As the mortgage is annexed to and made a part of plaintiff's petition, and as the execution of it was not denied by the answers, it was not necessary to prove it.

*33

We conclude, then, that the court did not err in admitting the mortgage in evidence.

2. It is also urged as error that the court admitted in evidence the agreement between Roe and Vance, without requiring proof of the signatures. As that agreement is set out in the pleadings, and especially referred to and recognized by Vance in his supplemental answer, it was not necessary to prove it. When a written agreement is thus set out in the pleadings, and recognized by them on both sides, it is not necessary to prove the signatures.

3. It appears by the third bill of exceptions, that after the plaintiffs had closed their testimony, defendant offered to introduce the record of mortgages for the county of Des Moines, to show that the mortgage given in evidence by plaintiffs had not been recorded with the certificate of acknowledgment, and to show that no more than the body of said mortgage had been recorded, without the certificate of acknowledgment. The court refused to admit the record in evidence, and to this defendants excepted. So far as Brewer's estate was concerned, this ruling of the court cannot be deemed erroneous. The morgagor and his estate were bound by the mortgage, whether it was recorded or not. But Vance was not a party to the mortgage, consequently his rights could not be affected by it, unless he had actual notice of it, or unless the mortgage had been acknowledged and recorded, as required by law. The fact that the mortgage was recorded without any acknowledgment, could not impart notice to him that a valid subsisting mortgage had been legally executed by Brewer, to the property in which he was interested, and to which he acquired title by virtue of a deed of trust. We think, then, that so far as Vance's rights were concerned, the record should have been received as evidence, in order to show that he could not be charged with notice of the mortgage from the record.

4. In behalf of Vance, the following instruction was asked and refused: "That the mortgage offered in evidence to the jury, and sought to be foreclosed, is not evi-

dence as against Vance, until the execution of the same by Brewer has been proved, either by Vance's admission, or by the proof of the signature, or by the same having been properly acknowledged and recorded." The court correctly refused this instruction, for the reason that the mortgage might have been used as evidence against Vance, if he had *actual* notice of it; if he consented that the mortgage might be given on the property in which he was interested, and if its execution was admitted by the pleadings. It is claimed that the agreement executed by Vance to Roe, authorized the mortgage, and we infer from the instructions given and refused that the court below gave too much importance to that agremeent. It is dated nearly a year after the mortgage was given, and makes no reference to that instrument. It merely stipulates that Roe shall hold a lien for all monies, materials and labor, paid for by him in building a mill on the land which Vance had sold to Brewer for that purpose, and Roe agreed to furnish the materials accordingly. The agreement refers merely to such things as Roe might pay for or furnish. It cannot therefore be considered, that this agreement shows that Vance had notice of the mortgage, that he assented to it as a prior incumbrance to his deed of trust. We conclude, then, that the decree so far as it affects Vance, should be reversed.

Judgment reversed.

*M. D. Browning*, for appellants.

*David Rorer*, for appellees.